UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Eric Lord

   v.                                         Civil No. 16-cv-071-JD
                                               Opinion No. 2017 DNH 129

United States of America


O R D E R

Eric Lord, proceeding pro se, moved under 28 U.S.C. § 2255 to vacate his sentence for bank robbery on grounds arising from his designation as a career offender under the United States Sentencing Guidelines. Counsel was appointed to represent Lord. The government has filed its response to Lord's motion for § 2255 relief, and Lord has responded.

Background

Lord pleaded guilty to one charge of bank robbery. Under the terms of the plea agreement, the government and Lord agreed to a recommended sentence of 120 months.

Lord was deemed to be a career offender, which elevated his offense level for sentencing, based on two prior felony convictions of robbery in 2003 and burglary in 2009. The 2003 robbery occurred when Lord grabbed a woman's pocketbook in a store parking lot. The 2009 burglary conviction arose from two

incidents when Lord unlawfully entered different residences in Jaffrey, New Hampshire.

During the sentencing hearing, the court noted that under the sentencing guidelines the sentencing range was 151 to 188 months. Because of Lord's background and the circumstances of the crime, however, the court accepted the recommended sentence of 120 months. Judgment was entered on February 17, 2015. Lord did not appeal his sentence.

## Discussion

Lord brings three claims in support of relief under § 2255. Lord agrees with the government that his first claim is now precluded by [Beckles v. United States, 137 S. Ct. 886 (2017)](). In his second claim, Lord contends that the career offender designation in his case was a fundamental miscarriage of justice. In his third claim, he contends that the court violated his right to due process by not making findings as to whether his 2003 robbery conviction and 2009 burglary conviction were crimes of violence within the meaning of the USSG. The government contends that neither claim has merit.

"Section 2255 contemplates four potential bases on which a federal prisoner may obtain relief: (1) 'that the sentence was imposed in violation of the Constitution or laws of the United States'; (2) 'that the court was without jurisdiction to impose

such sentence'; (3) 'that the sentence was in excess of the maximum authorized by law'; or (4) that the sentence 'is otherwise subject to collateral attack.'" Damon v. United States, 732 F.3d 1, 3 (1st Cir. 2013) (quoting § 2255(a)). A sentence is "otherwise subject to collateral attack" only if errors occurred "that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" David v. United States, 134 F.3d 470, 474 (1st Cir. 1998) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). "The burden of proof is on the petitioner." Wilder v. United States, 806 F.3d 653, 658 (1st Cir. 2015).

I. Application of Career Offender Designation

The government notes that an unresolved issue exists among circuit courts as to whether an error in applying the Guidelines can support relief under § 2255. See Damon, 732 F.3d at 4-5. In addition, Lord did not appeal his sentence, which results in procedural default that can be overcome only by showing cause and prejudice for the default or a miscarriage of justice. Bousley v. United States, 523 U.S. 614, 622 (1998). Lord asserts that the application of the career offender designation to him resulted in a fundamental miscarriage of justice, not

3

merely a misapplication of the Guidelines. See Cuevas v. United States, 778 F.3d 276, 271-72 (1st Cir. 2015). The government acknowledges Lord's constitutional challenge and does not challenge the claim on procedural grounds.

In his motion for relief under § 2255, Lord alleges that the career offender designation doubles the length of the sentence for an average defendant. He further alleges that in his case the career offender designation caused the Guidelines range to increase from 70 to 87 months up to a range of 151 to 188 months, which caused him to accept the 120-month sentence offered in the plea agreement. He claims that both of his predicate offenses would be questionable predicates, noting that the Guidelines definition of burglary was amended in 2016.

Lord analogizes his claim to the circumstances in Cuevas, where the defendant's career offender predicate offenses were vacated after the defendant was sentenced. 778 F.3d at 268. The court held that Cuevas's claim, based on the subsequent invalidity of his predicate convictions, was an exceptional circumstance that was cognizable under the fourth prong of § 2255(a). Id. at 271-72. Cuevas's case was remanded for resentencing. Id. at 276.

Lord's predicate convictions have not been vacated and remain valid. Lord argues instead that his burglary conviction

no longer meets the definition of a crime of violence under § 4B1.2(a)(2), based on the 2016 amendment.[1] The amendment of the Guidelines does not present the exceptional case that the court recognized in Cuevas. See also Tosi v. United States, 2016 WL 5107078, at *3-*4 (D. Me. Sept. 20, 2016). Therefore, Lord cannot seek relief based on the analysis in Cuevas.

Lord also argues that the 2016 amendment to § 4B1.2(a)(2) makes his sentence a miscarriage of justice. In 2015, the Supreme Court held that the residual clause of the definition of violent felony in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague so that sentences imposed based on the residual clause violated due process. Johnson v. United States, 135 S. Ct. 2551, 2557-63 (2015). The Sentencing Commission then amended the definition of a crime of violence used in determining career offender designation under the Guidelines by removing the residual clause and burglary from the definition. United States v. Johnson, 665 F. App'x 788, 791 (11th Cir. 2016); United States v. Childers, 2017 WL 2559858, at *6 (D. Me. June 13, 2017).

The 2016 amendment to § 4B1.2(a) was not made retroactive and cannot be applied retroactively. United States v. McCalop,

---

[1] To the extent Lord also challenges the use of his 2003 robbery conviction as a predicate offense, he provides no developed argument to support that theory.

5

--- F. App'x ---, 2017 WL 2645544, at \*2 (11th Cir. June 20, 2017); Daniels v. United States, 2017 WL 2623873, at \*1, n.1 (E.D. Wisc. June 16, 2017); United States v. Dandridge, 2016 WL 6638019, at \*1, n.2 (W.D. Va. Nov. 8, 2016). In addition, the Supreme Court held in Beckles that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." 137 S. Ct. at 892. As a result, the pre-amendment version of § 4B1.2, which included the residual clause, as well as burglary, as part of the definition of a crime of violence, was valid. Childers, 2017 WL 2559858, at \*6. Lord has not shown any miscarriage of justice arising from his sentencing under the pre-amendment version of § 4B1.2.

## II. Due Process

Relying on Mathis v. United States, 136 S. Ct. 2243, 2251 (2016), Lord contends that his burglary conviction could not be used as a predicate offense for career offender designation because the definition of burglary under New Hampshire law is broader than the generic definition used in the Guidelines. As Lord acknowledges, however, Mathis applies to the ACCA, not the Guidelines. See Davis v. United States, 2017 WL 2571568, at \*3 (S.D. Ill. June 14, 2017); United States v. Williams, 2017 WL 2464096, at \*2 (M.D. Fla. June 7, 2017); United States v. Birko,

2017 WL 2362850, at *1 (N.D. Fla. May 31, 2017); Smith v. United States, 2017 WL 1393059, at *1 (S.D. Ga. Apr. 11, 2017).

As is stated above, Lord bears the burden of showing that he is entitled to relief under § 2255. Lord makes no argument to show that the holding in Mathis would also apply to § 4B1.2, despite the analysis in Beckles and, therefore, has not carried his burden. See United States v. Carter, --- F.3d ---, 2017 WL 2685489, at *4 (1st Cir. June 22, 2017); Coons v. Indus. Knife Co., Inc., 620 F.3d 38, 44 (1st Cir. 2010). In addition, because the pre-amendment residual clause of § 4B1.2, which applied to Lord, is valid, the burglary conviction would constitute a crime of violence under the residual clause, even if Mathis applied to burglary as used in the pre-amendment version of § 4B1.2. See Edwards v. United States, 2017 WL 2023649, at *5 (E.D. Tenn. May 11, 2017); Pendleton v. United States, 2017 WL 1164947, at *2 (S.D. Ill. Mar. 29, 2017).

## Conclusion

For the foregoing reason, the plaintiff's motion for relief under § 2255 (document no. 1) is denied.

The court declines to issue a certificate of appealability because the plaintiff has not made a substantial showing of the denial of a constitutional right, as is required under 28 U.S.C. § 2253(c)(2).

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph DiClerico, Jr.
United States District Judge

June 27, 2017

cc: Donald A. Kennedy, Esq.
    Seth R. Aframe, Esq.